**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br>      Plaintiff | )<br>)<br>)<br>) |  |
| v. | ) | CASE NO.   09-CR-10210 |
| DIMITRI LONG<br>      Defendant | )<br>)<br>)<br>) |  |

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant, Dimitri Long, submits this sentencing memorandum to assist the Court in determining the appropriate sentence for the crimes to which he pleaded guilty. Mr. Long accepts the recitation of the facts regarding his background, prior record, circumstances of the offenses, and calculations under the United States Sentencing Guidelines, as those facts are set out in the Presentence Report ("PSR") prepared by the United States Probation Office in this matter.

As discussed below, the defendant accepts that where the Guidelines provide for an advisory sentencing range of 188 to 235 months, a lengthy sentence of imprisonment is called for in this matter, and acknowledges that the court is statutorily required to enter an order of restitution. For the reasons stated below, Mr. Long requests that he be ordered to make nominal payments toward restitution, and that interest on the restitution order be waived.

**ARGUMENT**

**I.    The Court Is Required to Impose A Sentence Sufficient, But Not Greater Than Necessary, To Comply With The Purposes Set Forth In 18 U.S.C. § 3553(a)(2)**

After United States v. Booker, 543 U.S. 220, 268 (2005), the sentencing court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set for in paragraphs (2) of this subsection […]. 18 U.S.C. § 3553(a). Title 18, U.S.C. § 3553(a) provides in relevant part:

> (a)  Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed shall consider:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B)  to afford adequate deterrence to criminal conduct;
>   (C)  to protect the public from further crimes of the defendant; and
>   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> […]
>
> (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The requirement for a sentence "sufficient, but not greater than necessary" to obtain the sentencing objectives is the so-called "parsimony principle" that governs sentencing. See, e.g., United States v. Scherrer, 444 F.3d 91 (1st Cir. 2006) (en banc) (applying the parsimony principle in reviewing a district court sentence); see also United States v. Jimenez-Beltre, 440 F.3d 514, 521 (1st Cir. 2006) (en banc) ("In articulating its reasons for imposing any sentence, the district court must make clear reference to this central principle") (Torruella, Circuit Judge, concurring).

As the Guidelines are generalizations, the ultimate focus of sentencing should be on the reasonableness of the sentence given the facts of the particular case. Id. The First Circuit in Jimenez-Beltre suggests that the Court first calculate the applicable Guidelines range and then decide whether to "exercise its new-found discretion to impose a non-guidelines sentence." Id.

### A. Nature and circumstances of the offense.

Mr. Long pleaded guilty to the eight counts of armed bank robbery charged in the superseding information, which are unquestionably very serious offenses. It should be noted that while a dangerous weapon was used, it appears that the weapon was a BB gun, rather than a firearm which, of course, would have posed a greater threat to the robbery victims. See PSR ¶ 61 and n. 2. The total amount stolen by the perpetrators of the eight crimes was $59,344.00. Since the proceeds of one of the robberies were recovered by law enforcement, the total amount of unrecovered loss (and the restitution amount recommended in the PSR) is $49,540.00. PSR ¶¶ 52, 225.

### B. History and characteristics of the defendant

Mr. Long, who is 34 years old, was born in Massachusetts, and was raised in Massachusetts by his mother, who was divorced from his father when Mr. Long was a young child. Mr. Long had almost no contact with his father, who was killed in 1988, the year Mr. Long turned 12 years old. See PSR ¶¶ 173-174. Mr. Long acknowledges that he has a lengthy prior record, and that he is a career offender under the Guidelines, with a criminal history category of VI.

Mr. Long dropped out of high school in his junior year, but received a GED in 1996. PSR ¶ 194. He has received union certifications, and he has held gainful

employments at times, but that employment was interrupted by his prior criminal activity and incarceration. PSR ¶¶ 194-200. Mr. Long acknowledges alcohol and drug use, with the illegal drug use escalating in recent years prior to his arrest in the present case. He is interested in participating in substance abuse treatment. PSR ¶¶ 190-193.

      **C.**      **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct**

Mr. Long recognizes that a lengthy sentence is warranted in this case, due to the seriousness of the offense, the need to promote respect for the law, and to provide just punishment. The lengthy, multi-year sentence that will be imposed for a series of crimes that yielded less than $60,000.00 to the perpetrators affords substantial deterrence to Mr. Long and to any other persons who might consider committing comparable crimes.

      **D.**      **The need for the sentence to protect the public from further crimes of the defendant, and the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

A multi-year sentence will protect the public from further crimes of Mr. Long for a very significant period of time. Mr. Long will be significantly older when he is released from prison. It is apparent from the PSR that the defendant's drug use was a substantial factor driving him to commit the crimes for which he stands before the court. If Mr. Long is able to take advantage of drug treatment and other programs offered by the Bureau of Prisons, he will be much less likely to return to criminal conduct upon his release.

      **E.**      **The need to provide restitution to any victims of the offense.**

The defendant understands that the court is required to impose an order of restitution. As recounted in the PSR, Mr. Long is devoid of financial resources (see PSR

¶¶ 201-206), and, with a lengthy prison sentence facing him, he has little prospect of achieving a meaningful earning capacity in the foreseeable future.

In view of these considerations, the defendant asks that the court direct him to make nominal periodic payments of restitution under 18 U.S.C. § 3664(f),[1] and that the court waive interest on the restitution as permitted by 18 U.S.C. § 3612(f)(3)(A).[2]

## II.  CONCLUSION

For the foregoing reasons the defendant submits that a lengthy sentence of imprisonment will be appropriate in this case to best promote the goals of sentencing. The defendant requests that he be ordered to make nominal payments of restitution, and that the court waive interest on the restitution.

---

[1] 18 U.S.C. § 3664(f) provides in its entirety:
(1)(A) In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendants.
(B) In no case shall the fact that the victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.
(2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to [18 U.S.C.] Section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of –
    (A) the financial resources and other assets of the defendant, including whether any of these assets are joint controlled;
    (B) projected earnings and other income of the defendant; and
    (C) any financial obligations of the defendant; including obligations to dependents.
(3)(A) A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specific intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.
(B) A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.
(4) An in-kind payment described in paragraph (3) may be in the form of –
    (A) return of property;
    (B) replacement of property; or
    (C) if the victim agrees, services rendered to the victim or a person or organization other than the victim.

[2] 18 U.S.C. § 3612(f)(3)(A) provides in relevant part that "[i]f the court determines that the defendant does not have the ability to pay interest [on a fine or restitution], the court may […] waive the requirement for interest[.]"

        Respectfully submitted,

        DIMITRI LONG,
        Defendant,

        By his attorney,

February 25, 2011        */s/ Stephen J. Weymouth*

        _____
        Stephen J. Weymouth, BBO No. 569080
        Law Offices of Stephen J. Weymouth
        65a Atlantic Avenue
        Boston, MA 02110
        617-573-9598
        sweymouth@sweymouthlaw.com

## CERTIFICATE OF SERVICE

    I, Stephen J. Weymouth, hereby certify that a true copy of the Defendant's Sentencing Memorandum was served upon Assistant United States Attorney Kenneth G. Shine by ECF on February 25, 2011.

        *[s] Stephen J. Weymouth*
        _____
        Stephen J. Weymouth