UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | No. 1:09-cr-10210-JEK |
| DIMITRI LONG, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE OR FOR NEW TRIAL

**KOBICK, J.**

In 2011, defendant Dimitri Long was sentenced to 240 months in prison after pleading guilty to eight counts of armed bank robbery. Pending before the Court is Long's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Long contends that he is entitled to relief because federal law enforcement officers violated his Fourth Amendment rights when investigating the bank robberies and because they lacked jurisdiction to prosecute him. The government argues that the Court should dismiss Long's motion because he failed to file it within one year of his conviction becoming final, as required by 28 U.S.C. § 2255(f)(1). Agreeing with the government, and for the reasons explained below, the Court will deny Long's motion because it is time-barred. To the extent Long also seeks relief under 28 U.S.C. § 2255 for the alleged denial of access to medication for addiction treatment while in prison, his motion will be denied without prejudice to his ability to challenge that denial through a proper procedural vehicle.

### BACKGROUND

On November 29, 2010, Long waived indictment and, pursuant to a plea agreement, pled guilty to a superseding information charging him with eight counts of armed bank robbery in

violation of 18 U.S.C. §§ 2113(a), (d). ECF 40, 42. The parties agreed that Long was subject to a sentencing enhancement because he qualified as a career offender under U.S.S.G. § 4B1.1, and they jointly recommended a sentence of 240 months imprisonment, followed by 60 months of supervised release. ECF 40, ¶¶ 3-4. The Court (Woodlock, J.) agreed that Long qualified as a career offender under the United States Sentencing Guidelines and imposed the parties' agreed-upon sentence. ECF 50; ECF 51, at 6. Long did not file a direct appeal. ECF 159, at 3.

Long has filed three motions under 28 U.S.C. § 2255 since he was sentenced. His first § 2255 motion, filed through counsel in 2016, argued that the residual clause of the Guidelines' career offender provisions applicable at his sentencing, U.S.S.G. §§ 4B1.1 and 4B1.2, was void for vagueness under *Johnson v. United States*, 576 U.S. 591 (2015). ECF 78. Long voluntarily withdrew this motion in 2017, shortly after the Supreme Court decided in *Beckles v. United States*, 580 U.S. 256 (2017), that the advisory Guidelines, including the then-applicable residual clause, are not subject to vagueness challenges brought under the Due Process Clause of the Fifth Amendment. ECF 89.

In May 2023, Long filed his second § 2255 motion *pro se*. ECF 130. He argued that federal law enforcement officers violated his Fourth Amendment rights while investigating the bank robberies by placing a GPS tracking device on a car registered to his co-defendant, Michael Coty, without obtaining a warrant. *See id.* at 2-3. One month later, the Court allowed an unrelated motion to appoint successor counsel to determine Long's potential eligibility for early release under 18 U.S.C. § 3582(c)(1)(A). ECF 137. Pursuant to counsel's advice, Long voluntarily withdrew his second § 2255 motion in July 2023. ECF 141; *see* ECF 152, ¶ 1. Successor counsel also advised Long about the merits of a possible motion for early release, ECF 152, ¶ 3, but he did not file any such motion. The attorney-client relationship subsequently broke down. In January 2024, Long

filed a motion requesting the dismissal of his attorney and the appointment of new counsel, ECF 150, and his attorney filed a motion to withdraw, ECF 152. The Court allowed both motions, ECF 154, and appointed another successor counsel to represent Long in connection with a possible motion for early release, ECF 155.

Although Long has been represented since February 26, 2024, ECF 156, he filed his third § 2255 motion, which is currently pending before this Court, *pro se* on August 8, 2024, ECF 159.[1] The government filed an opposition on September 17, 2024, ECF 163, and this case was reassigned to the undersigned on October 9, 2024, ECF 164. The Court has liberally construed Long's § 2255 motion because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## STANDARD OF REVIEW

"Congress enacted 28 U.S.C. § 2255 as a substitute for the traditional habeas remedy with respect to federal prisoners." *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). The statute "contemplates four potential bases on which a federal prisoner may obtain relief: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the

---

[1] By filing a *pro se* motion while represented by counsel, Long is effectively seeking to proceed via hybrid representation. Although an indigent defendant has the right to appointed counsel and the related right to proceed without counsel, "[a] defendant has no right to hybrid representation." *United States v. Nivicia*, 887 F.2d 1110, 1121 (1st Cir. 1989). Rather, hybrid representation, "as a rule, is available only in the district court's discretion." *Id.*; *see United States v. López-Soto*, 960 F.3d 1, 15 (1st Cir. 2020) (same). Long's current attorney was appointed for the purpose of arguing a potential early release motion, not a § 2255 motion. *See* ECF 155; ECF 156. There is no evidence that Long and his current counsel have discussed the possibility of her filing a § 2255 motion, and prior counsel previously recommended that Long withdraw a § 2255 motion raising the same Fourth Amendment claim asserted in this motion. *See* ECF 152, ¶ 1; *compare* ECF 130, at 2-3, *with* ECF 159, at 5. In these circumstances, the Court will exercise its discretion to consider Long's *pro se* § 2255 motion. The Court is not, however, authorizing Long to proceed on a model of hybrid representation, and Long should not file any additional *pro se* motions while represented by counsel. *See Nivicia*, 887 F.2d at 1121; *López-Soto*, 960 F.3d at 15.

maximum authorized by law,' or (4) that the sentence 'is otherwise subject to collateral attack.'" *Damon v. United States*, 732 F.3d 1, 3 (1st Cir. 2013) (quoting 28 U.S.C. § 2255(a)). To prevail on a § 2255 motion, a defendant must establish "'by a preponderance of the evidence that they are entitled to relief.'" *Dimott v. United States*, 881 F.3d 232, 240 (1st Cir. 2018) (quoting *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978)). "A presumption of finality attaches to criminal convictions once all direct appeals have been exhausted," *Singleton v. United States*, 26 F.3d 233, 236 (1st Cir. 1994), and the "Supreme Court has repeatedly emphasized that § 2255 is not a substitute for direct appeal," *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"Pursuant to the Antiterrorism and Effective Death Penalty Act ('AEDPA'), § 2255 petitions must be filed within one year of the latest of:

(1) The date on which the judgment of conviction becomes final;
(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Barreto-Barreto v. United States*, 551 F.3d 95, 98-99 (1st Cir. 2008) (quoting 28 U.S.C. § 2255(f)). Thus, in most cases, the one-year limitation period runs from the date on which the defendant's conviction became final. *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003); *Shea v. United States*, 976 F.3d 63, 68 (1st Cir. 2020).

## DISCUSSION

Long's § 2255 motion asserts three bases for relief: he claims that (1) federal law enforcement officers violated his Fourth Amendment rights by placing a GPS tracker on Coty's vehicle without first obtaining a warrant; (2) the government did not have jurisdiction to prosecute

4

bank robbery because the Federal Deposit Insurance Corporation does not insure against robbery or theft; and (3) prison officials are denying him access to Medication-Assisted Treatment ("MAT"), a multi-modal addiction treatment protocol. ECF 159, at 5-8. The first two arguments attack the validity of Long's conviction and thus fall within the ambit of a § 2255 motion. *See Trenkler*, 536 F.3d at 96 (section 2255 "was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence"). The third argument, concerning Long's access to medication treatment for addiction, is an attack on his conditions of confinement that must be asserted through a habeas petition under 28 U.S.C. § 2241 or a civil rights claim under *Bivens*. *See Garcia v. Spaulding*, 324 F. Supp. 3d 228, 232-33 (D. Mass. 2018). Because Long has incorrectly raised that claim in a § 2255 motion, the motion—to the extent it challenges Long's lack of access to the MAT protocol—will be denied without prejudice to Long's ability to reassert his MAT argument through a proper procedural vehicle.

With respect to Long's first and second claims for relief, the government contends that the § 2255 motion is time-barred because it was filed after § 2255(f)(1)'s one-year limitation period had expired. This Court agrees. The limitation period for any § 2255 motion began to run when Long's conviction became final. Long does not argue otherwise, *see* ECF 159, at 12, and there is no basis for finding that one of the "exceptions" to this general rule applies, *see Shea*, 976 F.3d at 68. Long has not alleged that government action prevented him from filing his motion at an earlier date, 28 U.S.C. § 2255(f)(2), or that the facts supporting his motion could only have been discovered through the exercise of due diligence on a date after his conviction became final, 28 U.S.C. § 2255(f)(4). And while Long bases his Fourth Amendment claim on *United States v. Jones*, 565 U.S. 400 (2012), *see* ECF 159, at 5; ECF 130, at 3, he does not argue that the Supreme Court has made *Jones* "retroactively applicable to cases on collateral review," as required for

5

§ 2255(f)(3) to apply, *see Welch v. United States*, 578 U.S. 120, 128 (2016) ("Under *Teague*, as a general matter, 'new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.'" (quoting *Teague v. Lane*, 489 U.S. 288, 310 (1989))). Accordingly, § 2255(f)(1) governs, and the one-year limitation period began to run when Long's conviction became final.

Long was sentenced on February 28, 2011, and he did not file a direct appeal. ECF 50; ECF 159, at 3. At the latest, Long's conviction became final when the time for filing a direct appeal expired. *See Martinez-Serrano v. United States*, No. 11-cv-1077-JAF, 2012 WL 6016663, at *1 (D.P.R. Nov. 30, 2012) (noting that although neither the Supreme Court nor the First Circuit "has decided when an unappealed federal criminal conviction becomes 'final' for the purposes of § 2255(f)(1) . . . [a]ll of the circuit courts that have answered this question . . . have held that such a conviction becomes final when the time for filing an appeal expires," and collecting cases); *cf. Barreto-Barreto v. United States*, 551 F.3d 95, 99 & n.2 (1st Cir. 2008) (treating the date that judgment was entered as the date that convictions became final for defendants who did not file direct appeals). Long had 14 days from the entry of judgment to file a direct appeal. *See* Fed. R. App. P. 4(b)(1). Therefore, Long's conviction became final no later than March 14, 2011. The limitation period for filing a § 2255 motion expired one year later, on March 14, 2012, more than a decade before Long filed his motion in August 2024. *See* 28 U.S.C. § 2255(f)(1); ECF 159.

Section 2255's limitation period is non-jurisdictional and "subject to equitable tolling in appropriate instances." *Ramos-Martínez v. United States*, 638 F.3d 315, 321 (1st Cir. 2011). "'A habeas petitioner bears the burden of establishing the basis for equitable tolling.'" *Id.* at 323 (quoting *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010)). To do so, "the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

6

stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Put simply, the petitioner must satisfy the court that circumstances beyond his control prevented him from filing his motion within the one-year window provided by section 2255(f)." *Dixon v. United States*, 729 Fed. App'x 16, 19 (1st Cir. 2018). Long has not argued that he is entitled to equitable tolling, *see* ECF 159, at 12, nor does the record suggest that "extraordinary circumstances" are present in this case, *see Ramos Martínez*, 638 F.3d at 323. Accordingly, equitable tolling is not warranted, and Long's motion is time-barred under § 2255(f)(1).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that this standard is satisfied if "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will deny a certificate of appealability here because reasonable jurists could not debate whether Long's § 2255 motion is time-barred. *See Lopez-Negron v. United States*, No. 20-1502, 2021 WL 1941867, at *1 (1st Cir. Mar. 1, 2021) (declining to issue certificate of appealability where the Court saw "no debatable claim that a section 2255 motion would not have been time-barred"); *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (same).[2]

---

[2] For the same reason, the Court finds that it is not necessary to hold a hearing on this motion. *See* 28 U.S.C. § 2255(b); *David v. United States*, 134 F.3d 470, 477 (1st Cir. 1998) ("Even if a hearing is requested, a district court may properly forgo it when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict

## CONCLUSION AND ORDER

For the foregoing reasons, defendant Dimitri Long's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, ECF 159, is DENIED. To the extent that Long sought to challenge the alleged denial of his access to Medication-Assisted Treatment under 28 U.S.C. § 2255, that claim is DENIED without prejudice.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: February 3, 2025

---

the record, or are inherently incredible.'" (quoting *United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993))).